GERTRUDE D. WALKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41157, 49871, 55853, 62740.    Promulgated January 30, 1935.

*Henry T. Dorrance, Esq.*, and *J. G. Korner, Jr., Esq.*, for the petitioner.

*Harry F. Morton, Esq.*, for the respondent.

OPINION.

SEAWELL: These proceedings, consolidated for hearing and report, involve the redetermination of deficiencies in income tax for 1926, 1927, 1928, and 1929 in the respective amounts of $3,663.62, $5,320.93, $5,128.31, and $3,596.38. The facts were stipulated.

It is agreed that the evidence introduced in *Gertrude D. Walker*, 20 B. T. A. 937; affd., 63 Fed. (2d) 351; certiorari denied, 289 U. S. 746, a case instituted by the petitioner for the redetermination of deficiencies for prior years, be considered as evidence in these proceedings. Our findings of fact in that case are incorporated herein by reference. Briefly stated, such facts are these:

Pursuant to the provisions of the will of the petitioner's father, three trusts were created. All of the income from one of them, the corpus of which consisted of 700 shares of common stock of the Eastman Kodak Co., was to be paid to the petitioner. Another, known as the " Brookside Trust ", comprised real property, called " Brookside ", and personal property consisting almost entirely of shares of common stock of the Eastman Kodak Co. The petitioner and the decedent's widow were to have the use of " Brookside " for life and the income from the personal property was to used for general maintenance of " Brookside ", any excess to be paid to the petitioner and the widow in equal shares for life. The remainder of decedent's estate, consisting principally of common stock of the Eastman Kodak Co., constituted the corpus of the third trust, known as the residuary trust, income from which was to be paid to the petitioner and the widow, one half to each. The petitioner was not entitled to receive the corpus of any of the trusts. She kept her accounts and reported her income on the cash basis.

The trustees had power to invest and reinvest the personal property in the Brookside and residuary trusts. In about 1922 they sold or exchanged 6,234 shares of stock of the Eastman Kodak Co at less than the market price. In 1924 the petitioner, on advice of counsel, petitioned the Surrogate's Court of the County of New York, New York, to (1) surcharge the accounts of the trustees with in excess of $2,000,000 representing the difference between the amount received and what should have been received for the stock sold or exchanged in 1922; (2) direct that amounts set up by the trustee in a sinking fund be distributed; (3) direct the trustees to reduce to and maintain the Brookside trust at, $1,500,000, and transfer any excess to the residuary trust; and (4) grant such further relief as might be just and proper.

The referee to whom the proceedings were referred completed his hearings in August 1929 and rendered a report adversely to the petitioner's contentions in October of that year. In July 1930 the court rendered an opinion that the referee's report should be confirmed. Thereafter numerous hearings were had, with the result that in February 1931 the court entered and served a formal order confirming the referee's report. All right of appeal from the order expired in March 1931.

In the earlier proceeding we held that the legal fees and expenses paid by the petitioner in 1922 to 1925, inclusive, in connection with the litigation, were not deductible as ordinary and necessary business expenses. In the respective taxable years the petitioner paid additional legal fees in the respective amounts of $11,722.87, $14,968.67, $12,992.78, and $12,517.60. These amounts she claims are deductible in the years paid as losses sustained in a transaction entered into for profit.

In *Merriman* v. *Commissioner*, 55 Fed. (2d) 879, affirming 21 B. T. A. 67, the question was whether legal expenses incurred in an unsuccessful attempt to break a will by a proceeding in court were deductible as a loss sustained in a transaction entered into for profit. The petitioner instituted the suit " with the hope that she would get something out of it in a monetary way if she were successful in breaking the will." In denying the deduction, the court said:

* * * " Profit and loss " are well-known terms referable to business transactions. Profit is gain; loss more than wipes out all gain. It is unecessary to try to give a comprehensive definition of either term. As ordinarily understood, profit does not refer to what is already one's own, but is an accretion to what one already possesses. Loss does not refer to what one has never had.

When the petitioner brought her suit to break her aunt's will, it was to establish her right to what she must have claimed honestly belonged to her. To hold otherwise would be to impute to her dishonest motives. If the litigation had proved successful, she would have received only such part of the testator's estate as justly belonged to her. That would not have been profit. The litigation was unsuccessful. Her anticipated share in the estate was denied her. It was not loss because she never possessed it. To hold that the expenses of litigation under the existing facts were a deductible loss because incurred in a transaction entered into for profit would be straining the meaning of " profit " beyond any ordinary or usual meaning of the word and beyond the sense in which it was used by Congress.

We think these observations of the court apply with equal force to the facts here. The purpose of all litigation is to preserve and enforce rights. *Tyler* v. *Judges of the Court of Registration*, 179 U. S. 405; *Missouri, Kansas & Texas Railway Co.* v. *Missouri Railroad & Warehouse Commissioners*, 183 U. S. 53. That was the object of the petitioner's suit. Success would have resulted in the restoration of corpus to the trusts, but it would not have increased the petitioner's 50 percent beneficial interest in the income of the trusts. If the addition to the corpus produced income distributable to the petitioner, the amount would not be a profit to the petitioner, but merely additional income. The effect of the court's decision is that there had been no maladministration of the trusts and that the trusts had not lost anything by reason of the things complained of in the suit. Obviously, if the trusts lost nothing, this petitioner sustained no loss of rights or anything else.

In *Seufert Bros. Co.* v. *Lucas*, 44 Fed. (2d) 528, the sum was spent to protect and minimize damage to real property used for business purposes. Whether the transaction was one entered into for profit was not at issue in the case. The expense involved in *S. Cupples Scudder, Executor*, 22 B. T. A. 1294, related to a capital transaction. The attorney fees and other litigation expenses involved in *Frederick McLean Bugher et al., Executors*, 9 B. T. A. 1155, were incurred in connection with a business venture. In *Commissioner* v. *Continental Screen Co.*, 58 Fed. (2d) 625, the attorney fees were held to be deductible as business expenses, not as losses. We do not regard any of these cases as controlling the question here.

We do not think the petitioner ever sustained a deductible loss, but if she did, it did not occur in the taxable years as the amounts in question were paid. Losses are deductible only in the year sustained. Sec. 214 (a) (5), Revenue Act of 1926; sec. 23 (e), Revenue Act of 1928; *Burnet* v. *Huff*, 288 U. S. 156. The institution of the suit did not make certain that any loss would occur. Except for the fact that it was in an advanced stage, the status of the proceeding was no different in any of the taxable years than prior thereto. It was not concluded until March 1931, when all right of appeal from the adverse opinion of the trial court expired. This event fixed the time when the loss, if any, occurred. At all times prior thereto there was only the possibility that a loss, as alleged by the petitioner, would be sustained.

In view of our conclusion that the amounts in question are not deductible as losses sustained by the petitioner in the respective taxable years in a transaction entered into for profit, it is unnecessary for us to pass upon the issue raised by the respondent as to whether the question is *res judicata*.

*Decision will be entered for the respondent.*